IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-30138
Summary Calendar
_____

MARSHA HARRIS,

Plaintiff-Appellant,

versus

BUDDY WILSON; LLOYD MOSSEY;
DERRICK EVANS; JOHN LAWTON

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 99-CV-258-D
_____

July 19, 2001

Before POLITZ, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Marsha Harris appeals the summary judgment dismissal of her claims under

42 U.S.C. §§ 1983 and 1985 and the dismissal, without prejudice, of her state law

claims against Richard "Buddy" Wilson, Constable of the City of Baton Rouge, and

deputy constables Lloyd Mossey, Derrick Evans, and John Lawton.

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

A full examination of the summary judgment evidence compels our agreement with the district court that the undisputed facts establish that the deputies were within their legal authority in being present on the Harris property in an attempt to arrest Broderick Hatter, that the defendants did not enter Harris' residence, and that they did not touch Harris or arrest her.

Harris contends on appeal that the deputies engaged in unlawful intimidation by issuing a summons to her for questioning the propriety of their actions. This claim was not raised in the complaint, as amended, and we "will not allow a party to raise an issue for the first time on appeal merely because a party believes that he might prevail if given the opportunity to try a case again on a different theory."[1]

The district court dismissed Harris' federal property damage claim, referring to the Parratt/Hudson doctrine.[2] Harris neither argues nor submits authorities on the district court's application of the Parratt/Hudson doctrine and we have no occasion to address it.[3]

AFFIRMED.

---

[1]Forbush v. J.C.Penney Co., 98 F.3d 817, 822 (5th Cir. 1996).

[2]Parratt v. Taylor, 451 U.S. 527 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986); Hudson v. Palmer, 468 U.S. 517(1984).

[3]Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744 (5th Cir. 1987).